FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 6 2021

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**HEATHER WOJTAROWICZ**                                    **PLAINTIFF**

VS.         NO. 4:21-cv-00906-KGB

**UNIVERSITY OF ARKANSAS, AKA
UNIVERSITY OF ARKANSAS—
LITTLE ROCK ("UALR"), UNIVERSITY
OF ARKANSAS AT LITTLE ROCK
ALUMNI ASSOCIATION**                                      **DEFENDANTS**

This case assigned to District Judge BAKER
and to Magistrate Judge Volpe

## COMPLAINT

COMES NOW the Plaintiff, Heather Wojtarowicz, by and through her attorney, David A Hodges, and for her cause of action against Defendant, states:

### JURISDICTION AND VENUE

1. The United States District Court in the Eastern District of Arkansas, has jurisdiction of this case because of the fact the Plaintiff was issued a right to sue the Defendant for a violation of under the Title VII Americans with Disabilities Act of 1990, as Amended, and/or the EPA in a Federal District Court by the Equal Employment Opportunity Commission, thereby giving this court original jurisdiction under, 42 U.S. Code § 2000e-5.

2. The venue for this action is proper in the Central Division, because Plaintiff resides in Pulaski County and Defendants engage in substantial business in Pulaski County.

## PARTIES

3. Plaintiff, Heather Wojtarowicz, was at all times relevant herein, a citizen and resident of Little Rock, Pulaski County, Arkansas.

4. Defendant University of Arkansas (UA), aka University of Arkansas—Little Rock (UALR), is a Collegiate Entity in the State of Arkansas. Defendant's agent of service is its Chancellor Christina Drale at 2801 S. University Ave. Office of the Chancellor, Little Rock, AR 72204.

5. Defendant University of Arkansas at Little Rock Alumni Association is a domestic not-for-profit company licensed to do business in Arkansas. Defendant's registered agent is Christian O'Neil at 2801 South University Ave., Bailey Alumni & Friends Center, Little Rock, AR 72204.

6. Defendant Alumni Association is branch of and does business at the University of Arkansas at Little Rock ("Defendant UALR").

## FACTUAL BACKGROUND

7. On or around October 16, 2021 Plaintiff was hired by the University of Arkansas at Little Rock Alumni Association ("Defendant Alumni Association").

8. Around October 29, 2020, Plaintiff reported that she was experiencing symptoms of COVID-19. Plaintiff went into quarantine and performed all her job duties virtually.

9. Plaintiff returned to work from quarantine on November 12, 2020 and performed her job duties without issue.

10. Plaintiff received consistently positive feedback from her employer regarding her work. Plaintiff's weekly contact reports reflected her job success.

11. Defendants closed their offices for winter break on December 19, 2020, with the intent to reopen offices on January 4, 2021 for the Spring semester.

12. Plaintiff went on a vacation to Salt Lake City, Utah during this time and was severely injured on January 2, 2021.

13. Plaintiff broke her back, by a burst fracture, at the L1 vertebrae and was not able to walk nor care for herself physically.

14. Plaintiff's friend, Judith Flores, contacted Plaintiff's family and employers on January 2, 2021, however, Defendants insisted on speaking with Plaintiff directly.

15. Plaintiff informed her boss, Kristi Smith and Christian O'Neil, on January 4, 2021 of her injury and the fact that she was bedridden in Utah.

16. Mrs. Smith, was understanding of the injury and told Plaintiff that everything would be okay.

17. Mrs. Smith, helped Plaintiff get in contact with the HR department to determine what leave options Plaintiff could use while she recovered.

18. Mrs. Smith and the HR department proceeded to deny Plaintiff of all leave options except temporary Leave-Without-Pay ("LWP"). HR provided Plaintiff with the LWP application on January 5, 2021.

19. Plaintiff returned a completed LWP application on January 5, 2021.

20. Defendant did not accept the LWP application, and requested that she provide a supporting Doctors note on January 7, 2021.

21. Plaintiff provided a doctor's note on January 7, 2021, which stated that she could not return to work.

22. Defendants rejected the doctors note and asked that she provide another note on January 7, 2021.

23. Plaintiff provided a doctor's note on January 7, 2021, which stated that she could perform her job duties virtually.

24. Defendant again rejected the doctor's note on January 12, 2021, and requested that she have Doctor Marcus Mazur review her job description and make an individual determination on each job duty.

25. Defendant, on January 12, imposed a deadline of January 15, 2021, for Plaintiff to submit this doctor note.

26. Plaintiff's doctor stated that he was not permitted to create such a note by his hospitals operating procedure. Plaintiff informed the Defendants of this statement.

27. Defendants stated that the LWP application was denied unless she provided the note requested, which Plaintiff's doctor called legally impermissible.

28. Plaintiff did not receive any additional communications from January 12, 2021 until January 24, 2021.

29. Defendants did not attempt to provide reasonable accommodations for Plaintiff.

30. Plaintiff requested that she be permitted to perform her job duties virtually for approximately four to six weeks while she healed.

31. Plaintiff had successfully completed her job duties virtually for a two-week period prior to this request, however, Defendant denied the request.

32. Plaintiff's time to qualify for LWP "expired" on January 15, 2021 at 5pm, while she was still being treated for her injuries and attempting to find an option that Defendants would allow her to work.

33. Plaintiff was terminated on January 25, 2021.

34. Plaintiff subsequently filed a discrimination charge with the Equal Employment Commission ("EEOC") on or about January 26, 2021 alleging the discrimination.

35. Plaintiff's charge of discrimination was dismissed by the EEOC on August 19, 2020 without any findings and Plaintiff was thus issued a "Notice of Suit Rights" in which Plaintiff has ninety (90) days from the time she received such notice to file her suit in federal or state court.

36. Plaintiff was a qualified individual, as defined by 42 U.S.C. § 12111, because she is an individual who with reasonable accommodations could perform the essential functions of the employment position that she held with Defendants.

37. Plaintiff was disabled, as defined by 42 U.S.C. § 12102, because she had a physical impairment that substantially limited one or more major life activity.

38. Plaintiff's request to perform her duties virtually was a reasonable accommodation, since she had previously been able to perform her job virtually.

39. Defendants denied Plaintiff reasonable accommodations twice.

40. Plaintiff was terminated due to disability in violation of the Americans with Disabilities Act of 1990, as amended.

## COUNT I
## DISABILITY DISCRIMINATION

41. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the preceding paragraphs, inclusive, of the Complaint as a part of this Count.

42. Under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S. Code § 12112, et seq., it is unlawful to discriminate against an employee qualified individual because of that employee's disability.

43. Defendant's conduct was a willful violation of the ADA.

44. As a direct result of Defendant's unlawful conduct in violation of the ADA, Plaintiff has suffered loss of past and future income.

45. As a direct result of Defendant's willful and unlawful conduct, Plaintiff is entitled to damages.

## DAMAGES

46. Plaintiff demands judgment against the Defendants for a sum in excess of the minimum limits of jurisdiction for Federal Court, costs and all other relief to which the Plaintiff may be entitled.

47. Plaintiff is entitled to compensatory damages and other equitable relief based on Plaintiff's claims of discrimination based on Title I of the ADA.

48. 42 U.S. Code § 2000e-5 provides that Plaintiff, as an individual injured by intentional employment discrimination by an employer, is entitled to:

    a. Back pay,

    b. Interest on back pay,

    c. Litigation and reasonable attorney's fees,

    d. Compensatory and punitive damages, and

    e. Any and all other just and proper relief to which the Plaintiff may be entitled that will be more particularly described during the course of the litigation.

49. Plaintiff requests this relief from the court.

## DEMAND FOR JURY TRIAL

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff respectfully demands a jury trial on any and all issues triable of right by jury.

Respectfully Submitted,

**HEATHER WOJTAROWICZ, PLAINTIFF**

By: /s/David Hodges
**DAVID A. HODGES**
**Attorney at Law**
**212 Center Street, Fifth Floor**
**Little Rock, AR 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: 501-374-2400**
**E-Mail: david@hodgeslaw.com**