IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HEATHER WOJTAROWICZ**                                                                 **PLAINTIFF**

v.                              Case No. 4:21-CV-00906-BSM

**UNIVERSITY OF ARKANSAS, AKA**
**UNIVERSITY OF ARKANAS –**
**LITTLE ROCK ("UALR"), UNIVERSITY**
**OF ARKANSAS AT LITTLE ROCK**
**ALUMNI ASSOCIATION**                                                                  **DEFENDANTS**

## ORDER

Defendants' motion to dismiss [Doc. No. 5] is granted. Plaintiff's motion to amend her complaint [Doc. No. 9] is denied because amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment permissible reason to deny leave to amend). "A proposed amendment is futile if it could not survive a Rule12 motion to dismiss." *Huerta-Orosco v. Cosgrove*, 979 F. Supp. 2d 974 (N.D. Iowa Oct. 30, 2013). The joint motion to stay [Doc. No. 13] is denied.

Heather Wojtarowicz is suing the University of Arkansas at Little Rock ("UALR") and its Alumni Association for discriminating against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.*, when it fired her. Defendants move to dismiss for lack of subject matter jurisdiction under 12(b)(1) and for failure to state a claim under rule 12(b)(6).

Rule 12(b)(1) permits dismissal for lack of subject-matter jurisdiction based on a "facial" or "factual" attack. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

Where a party brings a factual attack, "the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Id.* Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft*, 556 U.S. at 678. In ruling on a motion to dismiss, all well pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id*.

Defendants argue that Wojtarowicz's complaint should be dismissed for two reasons. First, defendants argue that they are not entities that are capable of being sued. Br. Supp. Mot. Dismiss at 2–3, Doc. No. 6. Second, defendants argue that plaintiff's claim is barred by sovereign immunity. *Id*. at 3–4. Plaintiff responds by requesting leave to amend her complaint to add the University of Arkansas Board of Trustees. Br. Supp. Resp. Mot. Dismiss at 6. She further argues that defendants are not entitled to sovereign immunity because Congress did not absolve states of ADA liability in the text of the statute. *Id.* at 7. Plaintiff's motion to amend her complaint is denied because the Board of Trustees is an instrumentality of the state and suit against it is barred by the Eleventh Amendment. *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062 (8th Cir. 2017) (citing *Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21 (2003)) ("a suit against a state university or its board of trustees

is a suit against the State and is barred by the doctrine of sovereign immunity"). Moreover, the Eleventh Amendment bars suit against states for violations of Title I of the ADA. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 373 (2001).

    IT IS SO ORDERED this 5th day of August, 2022.

                                                                 UNITED STATES DISTRICT JUDGE